UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TRACY CONRAD SMITH,

    Petitioner,

vs.

DARRAL ADAMAS, Warden,

    Respondent.

No. C 09-3764 PJH (PR)

**ORDER DISMISSING PETITION WITH LEAVE TO AMEND**

Petitioner, a California prisoner currently incarcerated at the California Medical Facility in Vacaville, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee.

Venue is proper because the conviction was obtained in Alameda County, which is in this district. *See* 28 U.S.C. § 2241(d).

**BACKGROUND**

An Alameda County jury convicted petitioner of burglary of a garage, robbery, and possession of a firearm with a prior felony conviction, and acquitted him of charges of residential burglary and burglary of a tool shed. *See* Cal. Penal Code §§ 211, 459, 12021(a)(1). He was found not to have used a firearm in the commission of the robbery. Allegations of thirteen prior convictions were found true. The court sentenced appellant to three concurrent terms of twenty-five years to life, with two consecutive five-year terms stemming from the serious prior felony enhancements.

Petitioner unsuccessfully appealed his conviction to the California Court of Appeal and the Supreme Court of California denied review. Petitioner says that motions to recall the remittitur in the court of appeal and the supreme court were denied, but it appears from

his attachments that a motion to recall the remittitur was denied in the court of appeal and that a petition for review of that ruling was denied in the supreme court. He does not claim to have filed any state habeas petitions. It thus may be that some or all of the issues are unexhausted. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989) (not "fair presentation" if the claim is raised by a procedural method which makes it unlikely that the claim will be considered on the merits; presentation by way of petition to state supreme court for allocatur, which under state procedure may be considered only when "there are special and important reasons therefor," insufficient to exhaust).

## DISCUSSION

### A. Next Friend Status

The petition is signed by petitioner. The petition is accompanied, however, by a motion, signed both by petitioner and by another prisoner named Robert Taylor Cleveland, asking that Cleveland be allowed to prepare, sign and file papers on petitioner's behalf, as a next friend.

In *Whitmore v. Arkansas*, 495 U.S. 149 (1990), the Supreme Court explained the requirements for next friend standing in habeas cases:

> A "next friend" does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest. *Morgan v. Potter*, 157 U.S. 195, 198 (1895); *Nash ex rel. Hashimoto v. MacArthur*, 87 U.S.App.D.C. 268, 269-270, 184 F.2d 606, 607-608 (1950), *cert. denied*, 342 U.S. 838 (1951). Most important for present purposes, "next friend" standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another. Decisions applying the habeas corpus statute have adhered to at least two firmly rooted prerequisites for "next friend" standing. First, a "next friend" must provide an adequate explanation-such as inaccessibility, mental incompetence, or other disability-why the real party in interest cannot appear on his own behalf to prosecute the action. *Wilson v. Lane*, 870 F.2d 1250, 1253 (CA7 1989), *cert. pending*, No. 89-81; *Smith ex rel. Missouri Public Defender Comm'n v. Armontrout*, 812 F.2d 1050, 1053 (CA8), *cert. denied*, 483 U.S. 1033, (1987); *Weber v. Garza*, 570 F.2d 511, 513-514 (CA5 1978). Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, *see, e.g., Morris v. United States*, 399 F.Supp. 720, 722 (ED Va.1975), and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest. *Davis v. Austin*, 492 F.Supp. 273, 275-276 (ND Ga.1980) (minister and first cousin of prisoner denied "next friend" standing). The burden is on the "next friend" clearly to establish the propriety of his status and thereby justify the jurisdiction of the court. *Smith, supra*, at 1053;

*Groseclose ex rel. Harries v. Dutton*, 594 F.Supp. 949, 952 (MD Tenn.1984). *Id.* at 163-164.

In the motion petitioner says only that he does not have an attorney and wants assistance with the case; he provides no explanation why he cannot prosecute the case on his own behalf, nor any reason to believe that Cleveland is dedicated to his interests. The motion will be denied.

**B.  Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet heightened pleading requirements.  *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified."  Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.  "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"  Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970).  "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal."  *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**C.  Legal Claims**

The petition contains 106 grounds for relief.  Many of these do not present federal claims and thus are not grounds for federal habeas relief.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas unavailable for violations of state law or for alleged error in the interpretation or application of state law).  In addition, the petition is written in such a way that it is not possible to determine what facts underlie each

claim; because the habeas rules require a petition to state facts that point to a 'real possibility of constitutional error,'" *Aubut*, 431 F.2d at 689, this is a fatal defect. Petitioner's list of his 106 claims is followed by seventy-five supporting pages, but they are mostly unnecessary legal argument, and to the extent that part of the petition contains facts, they are not clearly linked to specific grounds for relief.

The petition is unmanageable in its present form. It will be dismissed with leave to amend. In the amended petition petitioner must omit state law claims. Often these can be identified because they assert only "prejudicial error" or a violation of state statutes or rules of procedure, such as the California Evidence Code. The amended petition must contain a brief summary of the facts supporting each claim; it need not be more than a sentence or two, but must be enough to indicate why petitioner thinks there was a constitutional violation. The facts must follow each claim on the page, so it is possible to link the facts to the claim. Argument should be omitted from the petition itself; if petitioner wishes to present argument, he may do so in a separate memorandum of points and authorities in support of the petition. Finally, petitioner should note that presentation of such a large number of claims is unlikely to be in his interest. Many of them probably are without merit, and thus only obscure the stronger claims. *Cf. Miller v. Keeney*, 882 F.2d 1428, 1433 (9th Cir. 1989) (weeding out weaker issues is widely recognized as one of the hallmarks of effective appellate advocacy).

**CONCLUSION**

1. The application to allow Robert Cleveland to represent petitioner in this case (document number 2 on the docket) is **DENIED**.

2. The petitioner is **DISMISSED** with leave to amend within thirty days of the date of this order. The amendment must be on the court's form for section 2254 petitions, include the caption and civil case number used in this order, and carry the words AMENDED PETITION on the first page. Failure to amend within the designated time will result in the dismissal of the case

///

3. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: 2/3/10

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.09\SMITH,TRACY3764.DWLTA.wpd

5