UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TRACY CONRAD SMITH,

    Petitioner,

    v.

DARRAL ADAMS,

    Respondent.
_____/

No. C 09-3764 PJH

**ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST**

On August 17, 2009, petitioner Tracy Smith ("Smith") filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 3, 2010, the court dismissed Smith's petition with leave to amend, noting that it contained 106 claims, many of which did not appear cognizable and most of which were incomprehensible. In March 2010, Smith retained counsel, after which the court subsequently afforded Smith, now represented by counsel, several extensions of time to file his amended petition. On June 21, 2010, Smith filed his amended petition, which raises three claims, including that he:

(1) was deprived of his Sixth and Fourteenth Amendment rights to a jury determination regarding whether there was sufficient evidence to find him guilty of robbery;

(2) was deprived of his right to due process and to present his case when the trial court refused to instruct on his lesser-included offenses to robbery; and

(3) was denied his right to the effective assistance of counsel when counsel failed to file a *Pitchess* and a *Romero* motion.

Smith asserts that he exhausted the first two claims on direct appeal in state court, but concedes that the third claim is unexhausted. On June 22, 2010, Smith filed a habeas petition with the California Court of Appeal in an effort to exhaust the third claim.

Generally, the exhaustion of available state judicial remedies is a prerequisite to a federal court's consideration of claims presented in habeas corpus proceedings. 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270, 275 (1971). Exhaustion of a habeas petitioner's federal claims requires that they have been "fairly presented" in each appropriate state court, including a state supreme court with powers of discretionary review, and that the petitioner "alert[ ] [the state] court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). If state remedies have not been exhausted as to any of the federal claims, the habeas petition typically should be dismissed. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Rose v. Lundy*, 455 U.S. 509, 522 (1982) (requiring dismissal of petitions that contain both exhausted and unexhausted claims, commonly referred to as "mixed" petitions). Because Smith failed to exhaust one of his three claims, thereby rendering the amended petition mixed, the amended petition is subject to dismissal. *See Rose*, 455 U.S. at 522; *Castille*, 489 U.S. at 349.

The court thus advises Smith of his options for avoiding dismissal of a mixed petition. *See Jackson v. Roe*, 425 F.3d 654, 661 n. 9 (9th Cir. 2005) (confirming that district court "must offer a petitioner the choices announced in Rose before dismissing a mixed habeas petition"); *but see Robbins v. Carey*, 481 F.3d 1143, 1149 (9th Cir. 2007) (relying on *Pliler v. Ford*, 542 U.S. 225 (2004) and *Brambles v. Duncan*, 412 F.3d 1066, 1070-71 (9th Cir. 2005) in confirming that the district court is not required to inform habeas petitioners that the stay-and-abeyance procedure is available or to consider the stay-and-abeyance procedure *sua sponte* ).

    **i.**    **First Option: Voluntarily Dismiss the Petition**

Petitioner may move to voluntarily dismiss his amended petition and may then file a new federal petition containing only exhausted claims after the state court adjudicates his

currently-pending habeas petition. *See Rose*, 455 U.S. at 510, 520-21 (stating that a petitioner who files a mixed petition may dismiss his petition to "return[ ] to state court to exhaust his claims"). However, petitioner is cautioned that any new federal petition must be filed before expiration of the one-year statute of limitations, and this choice may render his petition untimely. *See Roy v. Lampert*, 465 F.3d 964, 968-969 (9th Cir. 2006); *see also* 28 U.S.C. § 2244(d).

### ii. Second Option: Formally Abandon Unexhausted Claims

Petitioner may formally abandon his unexhausted claims and proceed with his exhausted claims. *See Rose*, 455 U.S. at 510, 520-21 (stating that a petitioner who files a mixed petition may "resubmit[ ] the habeas petition to present only exhausted claims"). Petitioner is cautioned that once he abandons his unexhausted claims, he may lose the ability to ever raise them in federal court. *See Slack v. McDaniel*, 529 U.S. 473, 486-87, (2000) (noting that if a prisoner decides not to return to state court to exhaust and instead to proceed with his exhausted claims, any subsequent petitions may be considered successive and subject to dismissal).

### iii. Third Option: File a Motion to Stay the Federal Proceedings

Petitioner may move to stay this federal proceeding while his state court petition is pending in an effort exhaust his unexhausted claim. *See Jackson*, 425 F.3d at 660 (interpreting *Rhines v. Weber*, 544 U.S. 269 (2005) as permitting a district court to stay a mixed petition while the petitioner returns to state court). However, petitioner is advised that the stay and abeyance option is available only in very limited circumstances. *See Rhines*, 544 U.S. at 277. Specifically, "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court" and where petitioner's unexhausted claims are not "plainly meritless." *Id.* Even if petitioner demonstrates the requisite good cause and presents potentially meritorious claims, a stay still will not be appropriate if there is any indication that Petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 278.

3

Petitioner is required to file a written response **no later than fourteen days** from the date of this order electing one of the above options. If petitioner selects the stay option set forth above, he must file a motion for a stay in which he makes the requisite showing required by the Court in *Rhines*. 544 U.S. at 277-28. The court will decide the motion on the papers.

**IT IS SO ORDERED.**

Dated: June 24, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge