UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TRACY CONRAD SMITH,

    Petitioner,

    v.

DARRAL ADAMS,

    Respondent.

_____/

No. No. C 09-3764 PJH

**STAY ORDER;
ADMINISTRATIVE CLOSURE**

On August 17, 2009, petitioner Tracy Smith ("Smith") filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 3, 2010, the court dismissed Smith's petition with leave to amend, noting that it contained 106 claims, many of which did not appear cognizable and most of which were incomprehensible. In March 2010, Smith retained counsel, after which the court subsequently afforded Smith, now represented by counsel, several extensions of time to file his amended petition. On June 21, 2010, Smith filed his amended petition, which raises three claims, including that he:

    (1) was deprived of his Sixth and Fourteenth Amendment rights to a jury determination regarding whether there was sufficient evidence to find him guilty of robbery;

    (2) was deprived of his right to due process and to present his case when the trial court refused to instruct on his lesser-included offenses to robbery; and

    (3) was denied his right to the effective assistance of counsel when counsel failed to

file a *Pitchess* and a *Romero* motion.

Smith asserts that he exhausted the first two claims on direct appeal in state court, but concedes that the third claim is unexhausted. On June 22, 2010, Smith filed a habeas petition with the California Court of Appeal in an effort to exhaust the third claim. Pursuant to the court's June 24, 2010 order to show cause noting that Smith's amended petition contained an unexhausted claim, on July 7, 2010, Smith filed a motion to stay his petition while he exhausts the unexhausted claim in state court.

District courts have the authority to stay mixed petitions to allow for exhaustion. *See Rhines v. Webber*, 544 U.S. 269, 274-75 (2005). However, such stays can only be granted upon a showing of good cause for petitioner's failure to exhaust the issues before filing the federal petition, and a showing that the issues which the petitioner proposes to exhaust are "potentially meritorious." *Id.*

With respect to good cause, the court notes that Smith attempted to exhaust the claim in state court but through inappropriate channels and also without the assistance of counsel, and finds that there is sufficient good cause. Additionally, Smith's original habeas petition was timely filed, and there appears to be no delay in his pursuit of state court relief or of relief before this court. Moreover, Smith's petition is "potentially meritorious," in that it presents a colorable federal claim. Accordingly, the stay will be granted.

## CONCLUSION

For the foregoing reasons, petitioner's request for a stay is GRANTED, and the case is hereby STAYED to allow petitioner to present his unexhausted claim in state court. If petitioner is not granted relief in state court, he may return to this court and ask that the stay be lifted. The stay is subject to the following condition:

1. Petitioner must notify this court within thirty days after the state courts have completed their review of his claims or after they have refused review of his claims. If this condition of the stay is not satisfied, this court may vacate the stay and act on this petition. Additionally, at the same time that he files his notification with this court regarding

exhaustion, petitioner is hereby ORDERED to file and serve a supplemental brief in support of his petition for federal habeas relief on the previously unexhausted claim.

The clerk shall administratively close this case. The closure has no legal effect; it is purely a statistical matter. The case will be reopened, the stay vacated, and an order to show cause issued upon notification by petitioner in accordance with the conditions set forth above.

**IT IS SO ORDERED.**

Dated: July 20, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge