UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TRACY CONRAD SMITH,

    Petitioner,

    v.

DARRAL ADAMS, Warden,

    Respondent.
_____/

No. C 09-3764 PJH

**ORDER TO SHOW CAUSE**

On August 17, 2009, petitioner Tracy Smith ("Smith") filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 3, 2010, the court dismissed Smith's petition with leave to amend, noting that it contained 106 claims, many of which did not appear cognizable and most of which were incomprehensible. In March 2010, Smith retained counsel, after which the court subsequently afforded Smith, now represented by counsel, several extensions of time to file his amended petition. On June 21, 2010, Smith filed his amended petition, which raised three claims, including that he:

(1) was deprived of his Sixth and Fourteenth Amendment rights to a jury determination regarding whether there was sufficient evidence to find him guilty of robbery;

(2) was deprived of his right to due process and to present his case when the trial court refused to instruct on his lesser-included offenses to robbery; and

(3) was denied his right to the effective assistance of counsel when counsel failed to file a *Pitchess* and a *Romero* motion.

Smith conceded that the third claim was unexhausted, and noted that on June 22, 2010, he had filed a habeas petition with the California Court of Appeal in an effort to exhaust the third claim. On July 20, 2010, this court stayed these habeas proceedings to allow Smith to exhaust his claim in state court.

On April 21, 2011, Smith notified the court that the California Supreme Court denied his petition for review on March 30, 2011. On May 11, 2011, the court reopened Smith's case and ordered him to submit the state court habeas petitions and related orders. Having reviewed the state petitions and orders, the court concludes that the third claim as stated above has now been exhausted.

## BACKGROUND

A jury in the Alameda County Superior Court convicted Smith of second-degree robbery, first degree burglary, and possession of a firearm with a prior felony conviction. On October 20, 2006, the court sentenced Smith to twenty-five years to life in prison, with two consecutive five-year terms based on the serious prior felony enhancements.

Smith appealed to the California Court of Appeal, which affirmed his conviction and sentence on June 12, 2008. The California Supreme Court denied review on August 27, 2008. Smith filed his original habeas petition with this court on August 17, 2009.

He subsequently filed a habeas petition with the California Court of Appeal on June 21, 2010, which the court denied on June 23, 2010. He then sought habeas relief before the California Supreme Court on September 22, 2010, and that court denied his petition on March 30, 2011.

## DISCUSSION

**A.    Legal Standard**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause

why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

**B.     Petitioner's Legal Claims**

Smith raises three claims for federal habeas relief, including:

including that he:

(1) was deprived of his Sixth and Fourteenth Amendment rights to a jury determination regarding whether there was sufficient evidence to find him guilty of robbery;

(2) was deprived of his right to due process and to present his case when the trial court refused to instruct on his lesser-included offenses to robbery; and

(3) was denied his right to the effective assistance of counsel when counsel failed to file a *Pitchess* and a *Romero* motion.

Liberally construed, the claims appear colorable under 28 U.S.C. § 2254 and merit an answer from respondent.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.     Petitioner is ordered to pay the filing fee required in habeas cases.

2.     The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto upon respondents.  The clerk shall also serve a copy of this order on petitioner.

3.     Respondents shall file with the court and serve on petitioner, within 60 days of the date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the administrative record that are relevant to a determination of the issues presented by the petition.

4.     If the petitioner wishes to respond to the answer, he shall do so by filing a

traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

Dated: May 31, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge